M. E. HOBBS v. D. H. KIRBY AND SOUTHERN BISCUIT COMPANY, INCORPORATED.

(Filed 11 October, 1933.)

**1. Trial D a—On motion of nonsuit all evidence is to be considered in light most favorable to plaintiff.**

Upon a motion of nonsuit all the evidence, whether offered by plaintiff or elicited from defendant's witnesses, is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

**2. Automobiles C m—Evidence of defendant's negligence in driving held sufficient to be submitted to jury.**

Evidence tending to show that the rear of plaintiff's car had passed the center of the intersection of two city streets when it was struck by a car driven by defendant approaching the intersection from plaintiff's left, that defendant drove his car at a speed greatly in excess of the legal

maximum in approaching the intersection and drove down the middle of the street, and that the front of defendant's car struck the left rear wheel of plaintiff's car, resulting in serious damage to plaintiff's car and injury to plaintiff, and that plaintiff was driving slowly when he entered the intersection, *is held*, sufficient to overrule defendant's motion as of nonsuit in plaintiff's action for actionable negligence.

**3. Appeal and Error E b—**

Where the charge of the court below is not in the record the charge is presumed to be without error.

APPEAL by defendants from *Frizzelle, J.,* and a jury, at May-June Term, 1933, of WAYNE. No error.

The material allegations in the complaint are as follows: "That, on or about 22 March, 1932, while the plaintiff was driving his Chevrolet coupe in a northerly direction on the right-hand side of Leslie Street in the city of Goldsboro at a point where said Leslie Street intersects with Ash Street; that as plaintiff entered said intersection the automobile of the defendant, Southern Biscuit Company, Incorporated, operated by the defendant, D. H. Kirby, approached from the west on Ash Street in a rapid and reckless manner, and on the left-hand side of said street; and as the plaintiff sought in every possible manner to avoid a collision, the said defendant D. H. Kirby drove the automobile of the said Southern Biscuit Company, Incorporated, suddenly and violently into the rear end of the plaintiff's automobile, throwing the plaintiff so violently against the right-hand door of his automobile that it broke said door open and threw the plaintiff with great force and violence out of said car and eight or ten feet beyond the right side thereof, thereby causing the plaintiff the painful, serious and permanent injuries hereinafter set forth in detail; and that the car driven by the said defendant D. H. Kirby was proceeding at such reckless speed and was driven in such a reckless manner that, even after so ejecting the plaintiff from his automobile, the said automobile of the plaintiff was pushed and thrown by the force of the defendant's car up onto the sidewalk on the east side of Leslie Street and whirled completely around so that it remained on said sidewalk facing in a westerly direction, thereby damaging said automobile in the manner hereinafter set forth in detail," etc. The plaintiff further alleged that defendant Kirby violated numerous statutes in reference to the law of the road, and set same forth.

The defendant Kirby denied the material allegations of the complaint and set up the plea that plaintiff was guilty of contributory negligence. The defendant admits "That on or about 22 March, 1932, the defendant, D. H. Kirby, was driving his automobile, about the business of the defendant, Southern Biscuit Company, Incorporated, in an easterly direc-

tion along Ash Street in the city of Goldsboro, N. C." This admission was introduced in evidence by plaintiff.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

2. If so, did plaintiff by his own negligence contribute to his own injury? Answer: No.

3. What damages, if any, is plaintiff entitled to recover? Answer: $5,000."

The court below rendered judgment on the verdict. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*W. A. Dees and Kenneth C. Royall for plaintiff.*
*Thos. W. Ruffin for defendants.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence, the defendants made motions for judgment as in case of nonsuit. The court below overruled these motions, and in this we can see no error. The plaintiff's evidence fully sustained the allegations of the complaint. It is the well settled rule that upon a motion as of nonsuit the evidence, whether offered by the plaintiff or elicited from the defendant's witnesses, is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference to be drawn therefrom.

The plaintiff testified, in part: "I eased into this street going slow, and looked, that was to my right, and saw nobody and looked down here to my left and saw a man over here. . . . I know this man was 35 or 40 yards down that street coming up on that side, and when I saw him coming so fast, instead of making my circle and going down I would have met him, and I decided I would go on up to the next block and go around that short block and come into town to keep from being in his way, but I eased on across and when my car was entering up on there, going across, this man, if he ever made any turn at all I don't know it. I kept looking out my window wondering if he ever would turn to his right, and just as I was entering upon this sidewalk on farther side of Ash Street, this man came up and ran under the rear end of my car, striking the left corner, and I saw my car and heard the lick and a great crash, and my car went up . . . *I believe he was 40 yards and perhaps more, coming flying.* I saw that as I was entering the street."

Fletcher McGlohon testified, in part: *"Mr. Hobbs' car was a little over half way the street on the left-hand side at the time they struck.*

*The rear of his car had passed the center of the street before they struck. . . .* He was headed north crossing the street; Mr. Kirby's car was going east; the front part of Mr. Kirby's car struck Mr. Hobbs' car. The left-hand back wheel of Mr. Hobbs' car was struck. Mr. Kirby's car was about the middle of Ash Street when he hit Mr. Hobbs, going in an easterly direction. After it was struck Mr. Hobbs' car went over on the sidewalk and hit a telegraph pole and bounced back. It went up on the sidewalk and hit the pole. . . . At the time his car was struck Mr. Hobbs was traveling about 15 miles per hour."

Ardelia Parks testified, in part: "I saw Mr. Hobbs' car coming. He was driving somewhere about 15 miles an hour, I reckon, very slow. He was coming down Leslie toward Ash Street. I saw the Kirby car coming. When I got to Ash Street, I ran across. *I saw Mr. Kirby's car coming; he was making 40 to 50 or 60 miles an hour climbing that hill,* and I ran across to keep from getting struck. I saw the Kirby car when it struck Mr. Hobbs, *because I had just made my escape and turned around to see how quickly he passed.* He struck the rear end of Mr. Hobbs' car. *At the time he struck Mr. Hobbs' car it had gone very near across the street intersection.* Mr. Hobbs' car climbed the telegraph pole when it was hit, it swung around. It was headed for that lady's porch when it hit. Mr. Hobbs was lying collapsed in the street, blood just streaming. . . . *I ran because he was running reckless.*"

The defendant contended that he was not to blame and was within the law of the road. "I saw that he dashed in front of me all of a sudden. . . . I am a salesman for the Southern Biscuit Company. I was going that morning on a business trip."

The charge of the court below is not in the record, the presumption is that the court below charged every principle of law applicable to the facts. The question of negligence, contributory negligence and damage were facts for the jury to determine—they decided in favor of plaintiff. In law we find

No error.